## GOSHORN v SHARP et

Ohio Appeals, 2nd Dist, Franklin Co

Nos. 1985, 1986. Decided March 5, 1931

L. C. Barker and J. R. Horst, Columbus, for Goshorn.

Booth, Keating, Pomerene & Boulger, of Columbus, for Sharp et.

ALLREAD, J.

This is a difficult and close question. The

various counsel have filed elaborate briefs. The case was disposed of by the court below largely upon the authorities of cases rendered in other states. There are very few Ohio cases on the subject. Counsel for the plaintiff in error relies upon the case of **Sutliff v Atwood, 15 Oh St, 186.** In this case it is held that the assignee of the lease was liable for rent during the period of his occupancy. The assignee being in possession became a party to the lease on that account and was held liable for its covenants during the period of his occupancy.

The occupancy of premises of an assignee of a lease is so notorious as to justify the courts in holding that he had become a party thereto, notwithstanding the statute of frauds. In other words, possession by the party to be charged will avoid the statute of frauds.

In the case of **David, Administrator v Fauble, 9 C. C. (N.S.) 263,** it was held that the recital in a mortgage that the real estate when taken subject to a prior mortgage between the same parties is a sufficient acknowledgment of said prior mortgage to take the case out of the operation of the statute of frauds.

In the case of **Kling v Birdener, 65 Oh St 86,** it was decided that a writing, to take a case out of the statute of frauds, must be definite in its terms, and, unless it is so definite and clearly contains the essential terms assuming the prior contract, the statute of frauds would apply and there is no liability. The rule of Kling v Birdener has been approved in a recent case decided by the Supreme Court in the case of **The Joseph E. Copp Co. v Jacobs** decided by the Supreme Court, the opinion appearing in the Law Bulletin of February 3, 1931. The question there was the liability of a real estate brokerage firm which had negotiated under a written contract with Jacobs for the exchange of certain properties. There was a blank provision in the contract in the designation of the amount of compensation; Jacobs in the final performance of the contract ignored the dealer and practically made the same contract between his son and the other parties to the contract. The Supreme Court held that the rule of strict construction applied to this contract and that the courts would not go beyond its natural import to hold the parties thereto. We think this case has an important bearing on the provisions presented in this case. The plaintiff's claim that the obligation of Galbreath is sufficiently shown, first, upon the doctrine of partnership; second, upon the doctrine of principal and agent; third, by the doctrine of joint adventure, and, fourth, upon the principal that Galbreath was constructively an assignee of the lease. The evidence to sustain any of these propositions must be clear and convincing. The evidence must show not only the relationship but it must clearly appear that Galbreath did some things which would be sufficient to show a waiver of the statute of frauds. The evidence in our judgment fails to prove that Galbreath and Sharp were partners. There is no evidence to make out such joint liability. We think the evidence also fails to show that Sharp in taking the lease and in paying the rentals during his term was the agent of Galbreath. The most that can be claimed is that there is such a state of facts as would raise an inference of agency. This evidence is not sufficient to destroy the effect of the statute of frauds. We find nothing in the evidence to prove Galbreath's connection with the lease so as to justify the court in holding him as a responsible party for covenants of the lease after the lease had passed out of the hands of Sharp.

We, therefore, reach the conclusion that Galbreath is not responsible for the payment of rental during the period of ownership of Hazel Denton and the judgment of the lower courts will, therefore, be affirmed.

HORNBECK and KUNKLE, JJ, concur.